## ELEAZER EDDY *vs.* ALEXANDER HERRIN & al.

A lawful imprisonment is no duress.

Where the defendant was induced from the threat of a lawful imprisonment upon a warrant for an assault and battery upon the plaintiff to submit to others the amount to be paid as a satisfaction for the injury, and also to give a note for the amount thus ascertained, such note cannot be avoided for duress.

But had the note been obtained from threats of an unlawful imprisonment, it might have been avoided.

EXCEPTIONS from the Court of Common Pleas, *March Term,* 1839, REDINGTON J. presiding.

The action was originally commenced before a Justice of the Peace upon a note from the defendants to the plaintiff, dated *Jan.* 19, 1833, for thirteen dollars, payable in six months. After the action had been entered by appeal, in the Court of Common Pleas, it was referred by rule of that Court to referees, to be decided upon legal principles. In *March,* 1839, the referees heard the parties, and made a special report, stating the facts proved, and concluding, that if upon the facts duress upon *Herrin* was shown, such as by law would avoid the note, they award costs for the de-

fendant; but if the note is not void in the opinion of the Court, then they award that the plaintiff should recover the amount thereof with costs. The referees state in their report, that the defendants, before them, rested their defence upon two grounds. 1. That the note was obtained by duress. 2. That it was void for want of consideration. The material facts are stated in the opinion of this Court. The Judge of the Court of Common Pleas ordered judgment to be rendered for the defendants, and the plaintiff filed exceptions.

*E. Allen*, for the plaintiff, said, that the warrant for an assault and battery was legal, and that abundant cause was shown for issuing it. There is nothing to show that more was included in the note than a fair compensation for the injury to the plaintiff. In fact the reverse is shown, for the parties left to others to say what would be a fair compensation, and the plaintiff gave up a part of that to obtain a surety. There was no evidence of any agreement of the plaintiff not to have the warrant served. The award of the referees was conclusive between the parties. *North Yarmouth* v. *Cumberland*, 6 *Greenl.* 21; *Brown* v. *Bellows*, 4 *Pick.* 179.

A mere threat to prosecute for legal cause is no duress. Even the actual arrest of the party does not operate as duress, if the imprisonment be lawful. *Tyler* v. *Dyer*, 1 *Shepl.* 41; *Whitefield* v. *Longfellow*, *ib.* 146; 8 *Petersdorff's Ab.* 496.

*Kidder*, for the defendants, argued, that the note was void for duress. And he also contended, that it was void for want of consideration, and cited *Chase* v. *Dwinal*, 7 *Greenl.* 134.

The opinion of the Court was by

WESTON C. J. — The plaintiff having a claim upon the principal defendant, for an injury done to his person, the parties agreed to refer the matter to the arbitration of others, upon whose award, subsequently partially modified by mutual consent, the note in question was given. This constituted a sufficient consideration; and the plaintiff is entitled to recover, unless the defence of duress, set up by the defendants, has been sustained. The burden of proof is upon them.

The plaintiff had made a complaint against the principal defendant, and had procured a warrant for his arrest, to answer to

the charge. This he had a right to do; and if the defendant had been thereupon arrested, the imprisonment, or restraint of his person, would have been lawful; and a lawful imprisonment is no duress. The referees have found, that no arrest was made. The defendant was given to understand, that he would be arrested, unless the parties effected a settlement. With a view to this, they went to *Skowhegan-falls.* The officer testifies, that he would not have suffered him to have escaped. By which we are to understand, that if he had attempted to do so, he should have arrested him. This was no more than the precept of the warrant, and his duty, required. The referees further find, that the fear of the prosecution of the warrant, or in other words, an arrest under it, induced the principal defendant to enter into the arbitration, and also to accede to the final proposition of the plaintiff, to accept a note for a less sum, than was awarded in his favor, with the defendant's father as a surety.

The prosecution of the warrant, and the arrest as incident to it, was a lawful course of proceeding. The threat, therefore, of such an arrest, and the fact that the defendant was induced by it to give the note, did not constitute duress, as it would have done, if he had acted from the fear of unlawful imprisonment. *Whitefield* v. *Longfellow & als.* 13 *Maine R.* 146. In our judgment, therefore, the defence of duress, which is submitted to the determination of the Court, has not been made out. The exceptions are accordingly sustained; and the plaintiff is entitled to judgment on the report.