## Case No. 12,665.

### The SENATOR.

[Brown, Adm. 544; [1] 7 Chi. Leg. News, 162.]

District Court, E. D. Michigan. Jan. 25, 1875.

**TOWAGE—MASTER'S CERTIFICATE—DURESS—POWER OF UNDERWRITER OF CARGO TO BIND VESSEL.**

1. A master's certificate as to the amount agreed to be paid for services will not be set aside, unless it appear clearly and satisfactorily that the sum named is so unreasonable as to raise a suspicion of fraud.

[Cited in The Roanoke, 50 Fed. 580.]

2. The making of such certificate under a threat to attach the vessel is not such duress as will avoid its effect.

3. The underwriter, where there is no abandonment, has no authority to direct the master, or to contract for the vessel.

James Moffat and Alonzo N. Moffat libelled the schooner Senator upon a claim and account certified by her master as correct, for $400, for towage services August 14th, 1873. The defenses set up will appear in the opinion of the court.

H. B. Brown, for libellants.
W. A. Moore, for claimant.

LONGYEAR, District Judge. It is conceded that the master's certificate was within the scope of his authority as master, and if made voluntarily and without coercion it was binding on the vessel and owners. But it was contended that it was made under coercion and not voluntarily. The only coercion pretended was that testified to by the master, viz: A threat by libellants to libel and attach the vessel in the Eastern district of Michigan, where she then was, if he refused to sign the certificate; and that he signed it in consequence of such threat in order to avoid being detained and delayed in the completion of the voyage then in progress. Libellants testified that no such threat was made; but, if it was made, it was simply to take a strictly legal step to litigate the matter in controversy, which was, not whether anything was due libellants, but how much; and the making of the certificate by the master was simply the exercise of a choice on his part, to submit to what he was not willing to concede to be right, rather than take the risks and incur the trouble,

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

delay and expense of a law suit. Such settlements are of frequent occurrence in business matters, and are always upheld when untainted by fraud, mistake or unfair dealing, as in this case. Wilcox v. Howland, 23 Pick. 167; Waller v. Cralle, 8 B. Mon. 11; Eddy v. Herrin, 17 Me. 338; Alexander v. Pierce, 10 N. H. 494.

Another ground urged for setting aside the certificate was, that the amount was grossly exorbitant for the service rendered. In order to defeat the certificate on this ground it was necessary to make it appear clearly and satisfactorily that the amount allowed was so unreasonable as to raise a presumption, or suspicion at least, that the certificate was fraudulently or maliciously made. 2 Pars. Shipp. & Adm. 10. Have we here such a case made out? The service had already been rendered and the dispute was as to how much it was worth. The amount certified by the master was $400, and the estimates of the witnesses ranged all the way from $500 down to $75. This certainly fails to make out such a case as was necessary, under the rule above laid down, to set aside a settlement deliberately made.

Another ground urged was that the matter had been referred for settlement to one Guyle, an agent for the underwriters on the cargo, and he had instructed the master to pay no more than $50. In the first place, this is not consistent with the concession of the master's authority in the premises, already alluded to. In the next place, there is no proof of any such reference. There is some proof that Guyle was somewhat consulted in the matter, but none that it was referred to him for settlement, either formally or informally. In the next place, Guyle had no authority simply by virtue of his agency for the underwriters to direct the master what to do or what not to do in the premises, there having been no abandonment to and of course no acceptance by the underwriters. Insurers are mere strangers, and are not entitled to be heard under such circumstances. The Packet [Case No. 10,654]; United Ins. Co. v. Scott, 1 Johns. 106; see, also, The Boston [Case No. 1,673]. And finally, even if Guyle had any authority in the premises, it extended to the cargo only, and this suit is against the vessel alone.

It results that libellants must have a decree for the bill as certified, with interest from date, and costs of suit. Decree for libellants.

[Amount certified August 14, 1873... $400 00
Interest to January 25, 1875, one year, five months and eleven days, at 7 per cent. .................... 40 54

Decree for ................. $440 54 [2]