CHARLES L. HILBORN

*vs.*

J. A. BUCKNAM and another.

Androscòggin.    Opinion December 9, 1886.

*Duress.*

It is not duress for one who believes that he has been wronged to threaten the wrong doer with a civil suit. And if the wrong includes a violation of the criminal law, it is not duress to threaten him with a criminal prosecution.

ON motion to set aside the verdict.

The case and material facts are stated in the opinion.

*Dana and Estey* and *Savage and Oakes*, for the plaintiff.

Actual violence is not necessary to constitute duress, because consent is the very essence of a contract, and if there be compulsion, there is no actual consent, and moral compulsion, such as that produced by threats to take life, or to inflict great bodily harm, as well as that produced by imprisonment, is everywhere regarded as sufficient, in law, to destroy free agency, without which there can be no contract, because there is no consent.    7 Wallace, 215; 16 Wallace, 431; 26 Am. Dec. 374, note; 5 Hill, N. Y. 156; 12 Wallace, 150.

Duress means that degree of constraint or danger, either actually inflicted, threatened or impending, which is sufficient in severity or in apprehension to overcome the mind and will of a person of ordinary firmness.    7 Wallace, 215; 16 Wallace, 431; 26 Am. Dec. 375, note; 39 Maine, 559; 12 Wallace, 150.

A threat of criminal prosecution used to compel the giving of a promissory note may constitute duress, although the amount for which the note is given is actually due to the payee from the maker.    106 Mass. 291.

Where there is an arrest for improper purposes and without just cause, *Foss* v. *Hildreth*, 10 Allen, 76; *Guilleaume* v. *Rowe*, 94 N. Y. 268; or for a just cause under lawful authority,

but for an improper purpose, *Hackett* v. *King*, 6 Allen, 58; 106 Mass. 295, it is duress of imprisonment.

And if the prisoner pays money to procure his release, he may undoubtedly recover it back as having been involuntarily paid. 1 Parsons on Contracts, 392, note; 6 Mass. 511; 3 N. H. 508; 8 N. H. 386; 45 Am. Dec. 159, note; 7 Wallace, 215; 26 Barb. 122; 6 Allen, 58; 10 Maine, 331; 106 Mass. 295; 21 Conn. 424.

To use criminal process to enforce the payment of a civil claim is evidence of an improper purpose. 106 Mass. 295; 6 Allen, 58; 13 Maine, 146; see 10 Maine, 331.

The imprisonment must have been originally unlawful, or must have become so by abuse of the process, so as to make it the instrument of fraud or oppression. 45 Am. Dec. 158, note; 6 Allen, 58; 10 Allen, 76; 61 Maine, 227; 69 Maine, 376.

Even if there is no actual imprisonment, but the money is paid to prevent a threatened imprisonment by one having apparent or supposed authority to make his threats good, the payment can be recovered back, for the law will not require the party to resist payment until he is actually deprived of his liberty. 61 Maine, 227; 28 Vt. 370; 45 Am. Dec. 159, note; 131 Mass, 51.

The payment must not have been simply an unwilling one, but a compulsory one, and the compulsion must have been illegal, unjust and oppressive. 45 Am. Dec. 153, note; 7 Maine, 138.

Even contracts procured by threats of battery to the person, or the destruction of property, may be avoided on the ground of duress, because in such case there is nothing but the form of a contract without the substance. 7 Wallace, 215; 16 Wallace, 431; 5 Hill, (N. Y.) 158, etc.

There must be some actual or threatened exercise of power possessed, or supposed to be possessed by the party exacting or receiving the payment, over the person or property of the party making the payment, from which the latter has no other means of immediate relief than by advancing the money. 45 Am. Dec. 156, note; 95 U. S. 210; 2 Dillon on Mun. Corp. § 943.

It suffices if the payment is caused on the one part by an illegal demand and made on the other part reluctantly and in consequence of that illegality, and without being able to regain possession of his property, except by submitting to this payment. 10 Howard, (U. S.) 242 ; 45 Am. Dec. 156, note.

Acts of menace constitute a threat as much as if they were embodied in words.

An action for money had and received lies for money got through imposition, extortion, or undue advantage taken of the party's situation. 7 Maine, 138.

*J. M. Libby* and *J. P. Swasey*, for the defendants, cited : *Whitefield* v. *Longfellow*, 13 Maine, 146 ; *Eddy* v. *Herrin*, 17 Maine, 338 ; *Soule* v. *Bonney*, 37 Maine, 128 ; *Fellows* v. *Fayette*, 39 Maine, 559 ; *Harmon* v. *Harmon*, 61 Maine, 227.

WALTON, J.   The plaintiff claims that the defendants obtained one thousand and seventy-five dollars from him by duress, and he has recovered a verdict for that amount with interest.

The only question we find it necessary to consider is whether this verdict is not so clearly against the weight of evidence as to make it the duty of the court to set it aside and grant a new trial.

We think it is.   In the opinion of the court, the evidence falls very far short of establishing duress.

The case shows that the defendants had lost large quantities of meal from their mill, and that, with the aid of a detective, they had obtained such proof as satisfied them that the plaintiff, in collusion with the miller, had taken much, if not the whole of it.   The plaintiff did not deny that he had taken a portion of the missing meal, but denied that he had taken so large a quantity as the defendants claimed to have lost.   The defendants claimed that by a comparison of the amount of corn delivered at the mill with the amount of meal returned to them, after making a proper allowance for shrinkage in grinding, it appeared that in three years and a half they had lost not less than twenty-three hundred bushels ; and they estimated their pecuniary loss, including the expenses of the investigation, at two thousand

dollars. After a negotiation which lasted the greater part of two days, the defendants finally consented to make a discount of five hundred dollars, and to take security from the miller for four hundred and twenty-five dollars, leaving one thousand and seventy-five dollars for the plaintiff to pay. To this the plaintiff assented, and the matter was so compromised and settled.

The plaintiff now claims that this settlement was obtained by duress, and that he is entitled to recover back the money paid by him on that ground. In the opinion of the court, as already stated, the evidence falls very far short of establishing duress. The plaintiff was at no time arrested. He was not in express terms threatened with arrest. It may be true, as contended by his counsel, that he was made to believe that he would be arrested if he did not settle ; but no direct threats of arrest were made. But suppose such threats had been made,—suppose that instead of leaving it to inference, he had been told in so many words that if he did not settle he would be prosecuted both civilly and criminally,—still, such threats, under the circumstances disclosed in this case, would not constitute duress. It is not duress for one who believes that he has been wronged to threaten the wrong doer with a civil suit. And if the wrong includes a violation of the criminal law, it is not duress to threaten him with a criminal prosecution. It is not to be supposed that a man smarting under a sense of wrong and injury, such as the defendants in this case had suffered, will not use some such threats. It is not in human nature to exercise such restraint. It is unreasonable to expect it, and the law does not require it. The law regards it as the duty of every one who knows of the commission of a crime, to take measures to have the offender brought to justice ; and it does not involve itself in the absurdity of making it unlawful for one to express to the offender an intention of doing what the law makes it his duty to do. There can be no doubt that the defendants believed, and had reason to believe, that they were sufferers by the plaintiff's wrong. By collusion with their miller, he had taken their corn or meal without their knowledge or consent, and had not accounted to them for it. He knew better than they how

much he had taken. He consented to pay them one thousand and seventy-five dollars; and, in the opinion of the court, the evidence fails to disclose any legal or equitable ground for his recovering it back. In support of this conclusion. it is only necessary to refer to two recent decisions of this court. *Harmon* v. *Harmon*, 61 Maine, 227; *Higgins* v. *Brown*, 78 Maine, 473 (New England Reporter, Aug. 17, 1886).

> *Motion sustained. Verdict set*
> *aside. New trial granted.*

Peters, C. J., Virgin, Libbey, Emery and Haskell, JJ., concurred.