FRED S. THORN *vs.* L. M. PINKHAM, and another.

Kennebec.     Opinion December 11, 1891.

*Promissory Note. Consideration. Duress. Release of Surety.*

*Chattel Mortgage. Possession.*

A promissory note taken in payment of money embezzled, is not void by reason of duress, because obtained on threats of a criminal prosecution, and is held for good consideration, to wit : the money stolen.

An agreement, by the holder of a promissory note, to give time on condition to be performed by the principal, will not discharge the surety, unless the condition be performed in such a manner as to operate as an absolute agreement to extend the time of payment.

An agreement, stipulating that a mortgagor may retain possession of the chattels mortgaged until the note secured by the mortgage shall fall due, cannot be enforced against the mortgaged property prior to that time; and an instruction to the jury in such case that, "if, before the mortgage note fell due, the mortgagee was informed that the mortgagor was disposing of the property and endeavoring to put it beyond his reach, it was his duty to secure it and apply it to the payment of the note," is manifestly erroneous.

A holder of a mortgage of chattels, given by the principal debtor to secure his promissory note, will not release a surety thereon by mere forbearance to enforce the mortgage for no unreasonable length of time after the note shall fall due.

On MOTION AND EXCEPTIONS.

The case which came from the Superior Court, for Kennebec County, on plaintiff's motion and exceptions, is sufficiently stated in the opinion.

*Heath and Tuell, Farr and Lynch* with them, for plaintiff.

*L. T. Carleton and F. E. Bean*, for defendants.

HASKELL, J. Assumpsit on a promissory note for three hundred and seventy dollars, payable in twelve months, given by one Frank L. Pinkham for moneys of the plaintiff that he had embezzled, and signed by the defendants, his father and a relative, as sureties. The verdict was for defendants, and the case comes up on motion and exceptions.

I. It is contended that the note was obtained by duress, and that the consideration was illegal. Suppose the embezzler had been plainly told that, unless he paid or secured the amount that he had stolen, he would be prosecuted for the theft, and thereupon gave the note. That would not have been duress. "It is not duress for one who believes that he has been wronged to threaten the wrong-doer with a civil suit. And if the wrong includes a violation of the criminal law it is not duress to threaten him with a criminal prosecution." *Hilborn* v. *Bucknam*, 78 Maine, 485. Money stolen may be recovered in assumpsit, *Howe* v. *Clancey*, 53 Maine, 130 ; *a fortiori* is money embezzled a good consideration for a promise to refund it.

II. It is claimed that the sureties were discharged by the giving of time to the principal debtor. It appears that when the note was given it was agreed that he might continue in the

plaintiff's service, "so long as he did well," and pay from his wages twenty-four dollars a month on the note. After three payments amounting to fifty-six dollars he was discovered short in his accounts and discharged. The agreement to accept monthly payments of twenty-four dollars each, if unconditional, would have extended payment of the balance due on the note at maturity over a period of more than three months. If these payments had been regularly made until the note fell due February 18 — 21, 1890, there would have remained eighty-two dollars exclusive of interest, unpaid, to be met in four monthly payments.

The pertinent inquiry is, did the agreement, assuming that it was made upon sufficient consideration, operate as an extension of time for the payment of the note? The agreement arose from the mutual promises of the parties relating to the continued employment of a servant. The master promised wages to be applied in part to an existing indebtedness of the servant, "so long as he did well." The agreement contained a stipulation for continued service like a condition precedent to the validity of a contract; and when the condition failed, the agreement failed with it; so that, as the agreement was not absolute, no agreement for extending the time of payment on the note existed when the day of payment came. Had the condition been kept, the result might be otherwise, for, when the note fell due, had the time of payment been extended for a single day, the suretyship would have no longer remained "sure" and the sureties need not "smart for it." *Berry* v. *Pullen*, 69 Maine, 101; *Gifford* v. *Allen*, 3 Met. 255.

III. It is argued that the sureties are discharged by the plaintiff's neglect to apply on the note security given by the principal. It appears that, shortly after the note was given, the principal gave to the plaintiff a mortgage of his household furniture to secure the payment of the note. The mortgage stipulated that the principal debtor, the mortgagor, might retain possession of the mortgaged chattels until the note should become due. It further appears that the plaintiff had notice, before the maturity of the note, that the mortgagor had disposed of some,

at least, of the mortgaged chattels, but took no action until the bringing of this suit against the sureties, less than thirty days after the note fell due.

Until the maturity of the note, the plaintiff had no right to the possession of the mortgaged chattels under the terms of the mortgage. He did no act to release his lien upon the security. Mere forbearance to follow the security for so short a period cannot be considered a violation of the rights of the sureties. When the note matured they could have immediately paid it and thereby become subrogated to all rights of the mortgagee. *Berry* v. *Pullen, supra* ; *Cummings* v. *Little*, 45 Maine, 183. The plaintiff was not bound to resort to the debtor's property before calling upon the sureties. *Fuller* v. *Loring*, 42 Maine, 481. If the plaintiff had voluntarily surrendered his security he would have discharged the sureties. *Springer* v. *Toothaker*, 43 Maine, 381. If the plaintiff's lien under the mortgage had expired by his own laches, as in that case, his remedy against the sureties might be lost ; but here; no act of his has impaired his title under the mortgage. Up to the time this suit was brought, the sureties, on payment of the note, could have derived as much benefit from the mortgage as the plaintiff could have obtained.

Moreover, the instruction of the presiding justice that, if before the mortgage note fell due the mortgagee was informed that the mortgagor " was disposing of the property and endeavoring to put it beyond his reach, it was his duty to secure it and apply it to the payment of the note," is manifestly erroneous. The verdict is against law.

*Motion and exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY, EMERY and WHITEHOUSE, JJ., concurred.