## THEUBER v. MAREK et al. (No. 2272.)

(Court of Civil Appeals of Texas. Texarkana. May 6, 1920.)

**1. Evidence ⬅222(1-0)—Ex parte statement of defendant in cross-action inadmissible on plaintiff's behalf.**

An ex parte statement under oath by a defendant, brought in by the original defendant under an order obtained by the original defendant, is inadmissible in behalf of plaintiff against the original defendant.

**2. Bills and notes ⬅104—Money wrongfully obtained from another is good consideration for notes in payment thereof.**

Money fraudulently or wrongfully obtained from another by the maker of a note is good consideration for promissory notes, chattel mortgages, and the delivery of property in payment therefor.

**3. Appeal and error ⬅1050(1) — Bills and notes ⬅104—Admission of incompetent evidence held prejudicial; father and son liable on note procured by threat of prosecution for money wrongfully obtained by son.**

Where a son fraudulently or wrongfully obtained property from another, both the father and the son are liable on notes and chattel mortgages executed by them in payment of the sums so obtained, though they were executed under threat of criminal prosecution, so that the admission of an incompetent ex parte statement that the son did not obtain the money wrongfully was error prejudicial to defendant in an action to cancel note.

Appeal from District Court, Burleson County; R. J. Alexander, Judge.

Action by F. F. Marek and another against Ed Theuber, in which the defendant made one Philp a party defendant. Judgment for plaintiffs and for the original defendant against the defendant Philp on the cross-action, and defendant appeals. Reversed and remanded.

The action is by F. F. Marek and his son, Ed Marek, against the appellant Ed Theuber, to cancel two notes aggregating $2.200 and the two chattel mortgages executed to secure the same, and to recover $170 in money paid and the value of certain live stock delivered to the appellant. It is alleged in the petition that the notes, mortgages, money, and cattle were obtained from the appellees by wrongful representations and duress by means of threats of a criminal prosecution. The appellant answered by general denial, and by cross-action pleaded that the money, notes, mortgages, and personal property were voluntarily paid, executed and delivered to him for money belonging to him which was illegally used and converted by Ed Marek and one Philp, acting together to defraud him, and prayed for judgment for the debt and foreclosure of the mortgages. The defendant made Philp a party defendant to the suit, and asked for personal judgment against him for $5,000, alleged to be money of the defendant's in the possession of Philp and to have been converted by him. The case was submitted on special issues, and the jury made the following answers: (1) That Ed Marek was not indebted to the defendant Theuber; (2) that the notes, mortgages, and personal property were wrongfully obtained from Ed Marek and F. F. Marek under duress of threats of criminal prosecution for a felony; and (3) that the defendant Philp was indebted to the defendant Theuber in the sum of $4,868.39. In accordance with the verdict the court entered judgment in favor of the Mareks for the money paid and for the value of the cattle

---

delivered, and canceling the notes and mortgages in evidence. Judgment was also entered in favor of Ed Theuber against the defendant Philp.

W. M. Hilliard, of Caldwell, and Searcy & Botts, of Brenham, for appellant.

T. J. Carter, of Caldwell, and Mathis, Teague & Mathis, of Brenham, for appellees.

LEVY, J. (after stating the facts as above). [1] Appellant made James Philp a party defendant in this cause, and at the same time asked for an order requiring Philp to file a statement under oath, showing his dealings in the alleged cattle transactions. The court made a vacation order, requiring Philp to file a sworn statement as asked for by appellant. In obedience to the order of the judge said Philp filed a sworn statement, setting forth an agreement with appellant to purchase cattle, and specifying the cattle bought and the amount paid for them. The statement further recited that—

"Ed Marek never received any of Ed Theuber's money from the bank or from me, except in payment of cattle which he sold and delivered to me, and Ed Theuber got every dollar the cattle brought when sold.

"Every dollar I received for the sale of cattle I turned over to Ed Theuber. He kept books. He kept the money and I never could get a settlement out of him. I do not owe Ed Theuber one cent, and Ed Marek does not owe him a dollar in this cattle business while I was handling it. I bought a lot of cattle from Ed Marek and paid him for them. He bought quite a number from me and paid me for them, and Ed Theuber got the money."

The plaintiff offered the above statement in evidence, and the appellant excepted to the ruling of the court in admitting it. The defendant Philp did not appear in the trial, and a judgment by default was entered against him in favor of appellant on his cross-action. It is believed there was error in admitting the ex parte statement in evidence, requiring a reversal of the judgment as to both F. F. Marek and Ed Marek. For the said ex parte statement of Philp went to show that Ed Marek did not fraudulently take money belonging to Theuber and had not committed any criminal offense. And the evidence in the record is a disputed question as to whether or not Ed Marek fraudulently or wrongfully obtained the money of the appellant, and whether or not Ed Marek and Jim Philp acted together, as alleged, to defraud the appellant. The jury could easily have been influenced to decide the disputed issue by looking to and accepting the ex parte statement before them.

[2, 3] If it be true that Ed Marek fraudulently or wrongfully obtained the money of the appellant, then there is a good consideration for the notes, mortgages, and property in evidence. For money fraudulently or wrongfully obtained from another is a good consideration for a promissory note taken in payment of it. Thorn v. Pinkham, 84 Me. 101, 24 Atl. 718, 20 Am. St. Rep. 335. And if it be true, as alleged in the cross-action, that F. F. Marek voluntarily gave the notes and mortgages to repay the money fraudulently or wrongfully gotten by his son, then F. F. Marek is liable on his contract. So if Ed Marek was guilty in fact of having fraudulently obtained the money of Theuber, he would be liable on his note and bill of sale in suit, even though he executed them under threat of a criminal prosecution. And if F. F. Marek did not execute the notes and mortgages under duress, but to secure the payment of the money wrongfully or fraudulently gotten by his son from the appellant, F. F. Marek would be liable on his undertakings. The evidence complained of bore directly upon the pivotal issues in the case, and was, we think, illegal evidence in the form offered.

The judgment is reversed, and the cause remanded.