(89 South. 90)

## NEUBERGER v. PREFERRED ACC. INS. CO. OF NEW YORK. (1 Div. 392.)*

(Court of Appeals of Alabama. Jan. 18, 1921. Rehearing Denied Feb. 15, 1921.)

**Insurance ⬚579—Release by insured held not procured by duress.**

Insured carried $5,000 automobile liability insurance. One injured by insured's automobile recovered judgment in the circuit court against insured for $6,500, and offered to compromise the judgment for $5,000. Insurer refused to accept the offered compromise and threatened to appeal the judgment unless insured paid $500 and costs of court, and executed a release of liability on the claim. *Held*, the release was not void for duress.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Samuel J. Neuberger against the Preferred Accident Insurance Company of New York upon a policy of insurance covering an automobile risk. The court sustained demurrers to plaintiff's replication, whereupon plaintiff took a nonsuit and appealed. Affirmed.

The demurrers to the replication are as follows:

(1.) The facts alleged are insufficient to show that the release, signed by the plaintiff, was executed because of duress.

(2) For that it affirmatively appears from the facts alleged that the release signed by the plaintiff was obtained without fraud or duress on the part of the defendant, and that the claim for which the plaintiff sues is, by reason of the said release, discharged and forever barred.

(3) For that the allegation that the defendant threatened to appeal from the judgment as alleged is, under the circumstances, as shown

---

by the facts alleged, insufficient to constitute fraud, or duress on the part of the defendant.

(4) For that it affirmatively appears that the defendant took no unfair advantage of the plaintiff by reason of which the release signed by the plaintiff to the defendant was executed.

(5) For that it affirmatively appears that the release executed by the plaintiff to the defendant was not accomplished by such coercion and compulsion on the part of the defendant as to render null and void the said release.

(On May 19th the Supreme Court in response to a certiorari to review and revise this opinion refused the writ without opinion.)

Mell A. Frazer and Harry T. Smith & Caffey, all of Mobile, for appellant.

The replications sufficiently alleged duress, and the court was in error in its rulings thereon. 112 Va. 362, 71 S. E. 551, Ann. Cas. 1913A, 1350; 133 Ala. 489, 31 South. 973; 191 Ala. 291, 68 South. 20, L. R. A. 1915D, 1118, Ann. Cas. 1917C, 1024; 66 Ala. 194; 195 Ala. 572, 71 South. 100; 258 Fed. 544, 169 C. C. A. 484; 20 N. M. 482, 151 Pac. 315; 132 U. S. 17, 10 Sup. Ct. 5, 33 L. Ed. 236; 96 Wis. 591, 72 N. W. 45, 65 Am. St. Rep. 83; 183 N. Y. 163, 75 N. E. 1124, 2 L. R. A. (N. S.) 574, 111 Am. St. Rep. 722; 60 N. Y. 498; 3 Johns. (N. Y.) 238; 54 N. E. 1089; 95 U. S. 210, 24 L. Ed. 409; 214 U. S. 320, 29 Sup. Ct. 671, 53 L. Ed. 1013; 110 Md. 490, 73 Atl. 149; 110 Ga. 654, 36 S. E. 107; 44 Neb. 463, 62 N. W. 899; 106 Mass. 1, 8 Am. Rep. 287; 116 Ala. 310, 22 South. 593, 37 L. R. A. 497, 67 Am. St. Rep. 119; 36 Cyc. 436.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

The release constituted a compromise and settlement, and must be taken according to the intention of the party. Sections 3973, 3974, Code 1907; 96 Ala. 232, 11 South. 63; 12 C. J. 345. There was no duress. 141 Ala. 493, 37 South. 844, 3 Ann. Cas. 106; 12 C. J. 348. Plaintiff could not repudiate his release and retain the benefits thereof. 203 Ala. 386, 83 South. 130; 154 Ala. 117, 45 South. 231; 144 Ala. 246, 40 South. 394, 6 Ann. Cas. 804; 12 C. J. 255. On the subject of duress, see, also, 113 Ala. 479, 22 South. 288, 59 Am. St. Rep. 129. Having been settled and compromised, the suit could not be reviewed by appeal. 36 Ala. 391.

MERRITT, J. The plaintiff brought suit to recover of the defendant an amount alleged to be due by virtue of a contract of insurance, whereby the defendant indemnified the plaintiff to the amount of $5,000 which might be occasioned on account of the maintenance, use, and operation of a certain Chandler Automobile. The counts of the complaint proceeded on the idea of a breach the contract of insurance in not indemnifying the plaintiff against liability for a loss falling within the terms of the policy. The defendant filed a plea of the general issue, a plea of payment, and a special plea setting up a release of the claim in suit. This plea is in words and figures as follows:

"The defendant says that the plaintiff's claim or demand is incident to and grows out of the collision of plaintiff's automobile with one Florence Goodwyn, and this defendant is released and forever discharged thereof by reason of a certain instrument of writing made and executed by the plaintiff on, to wit, the 30th day of April, 1918, and delivered to the defendant, in words and figures as follows:

"'Mobile, Ala., April 30, 1918.

"'For value received, I hereby release and discharge the Preferred Accident Insurance Company of New York from all possible claims or demands I may have against it incident to and growing out of the collision of my automobile with Miss Florence Goodwyn, covered by its policy in force in 1917.

"'This release is part of the compromise and settlement of her suit against me arising out of that collision.

"'[Signed]                              S. G. Neuberger.
"'Witness:
"'Harry H. Smith.'"

To this special plea the plaintiff filed two replications; the third being in words and figures as follows:

"For further replication to the third plea the plaintiff says that the instrument in writing quoted in said plea was obtained from him under the following circumstances and conditions: The defendant on, to wit, the 14th day of April, 1917, entered into a contract of insurance with the plaintiff by which the defendant undertook and agreed, in consideration of the payment of a premium of $63, to indemnify the plaintiff against loss by reason of the liability imposed by law upon the plaintiff for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered, or alleged to have been suffered, while said contract or policy of insurance was in force, by any person or persons by reason of the ownership, maintenance, or use within the limits of the United States or Canada of a Chandler automobile, factory No. 29354, type or model 17, style of body, touring, built in 1917, kind of power, gas, horse power 27, and the plaintiff avers that while said policy was in force one Florence Goodwyn sustained bodily injuries by reason of the ownership, maintenance, or use by the plaintiff, within the limits of the United States of America, of said automobile; that thereafter she filed suit against the plaintiff on account of said injuries in the circuit court of Mobile county and recovered a judgment on account of said injuries for the sum of $6,500 and costs of court; that the defendant claimed and asserted that in and by the terms of said contract it was given the right to control all legal proceedings in said cause, including an appeal of said cause to the Supreme Court of Alabama; that said defendant, after said judgment was recovered and before any appeal was taken, had the opportunity to compromise said judgment for the sum of $5,000 and the costs of court, but in order to force

and coerce this plaintiff to pay a portion of said $5,000, for which the defendant had agreed to indemnify the plaintiff, the defendant refused to accept said offer of compromise and refused to allow the plaintiff to do so except on condition that it would be released from its liability to him under its contract of insurance, and the defendant threatened to appeal this case to the Supreme Court of Alabama, although the defendant knew that there was no reasonable hope of its reversing the judgment of the trial court or of reducing the same, and the plaintiff, in order to save himself from being compelled to pay the amount of the judgment over the sum of $5,000 as well as the costs of court and a penalty of 10 per cent. on the amount of said judgment for $6,500 and interest on said judgment, was forced and compelled by the said action of the defendant in refusing to compromise and settle, or to allow the plaintiff to compromise and settle, said judgment, as aforesaid, for the sum of $5,000 unless the plaintiff would pay the sum of $500 and the costs of court, to pay and did pay the sum of $555.95, and did sign the instrument copied in the third plea under the aforesaid coercion and compulsion; wherefore the plaintiff says that said instrument is null and void and is not binding on this plaintiff."

The second replication is identical with the third except that it does not allege knowledge on the part of the defendant that there was no reasonable hope of reversal, but only that such was the fact. The defendant filed five grounds of demurrer to each of said replications, which were sustained by the court, and the plaintiff took a nonsuit on account of the adverse ruling on the pleading.

It will be observed from these pleadings that the plaintiff sought to avoid the release on the ground that it was exacted by compulsion and coercion and under duress. The release evidences a compromise and settlement of matters between the parties thereto. So far as the record discloses, neither of the parties was laboring under any disability, they were on equal terms, and no fraud is alleged, save only that species of fraud alleged to have existed, which it is contended amounted to coercion under the facts in this case. The books abound with definitions of "coercion" and "duress," but it is clear, after a consideration of all of them, aside from the general definition, that each case must rest on the particular facts in that case. It would be well, then, to consider in this case the exact status of the parties at the time of the execution of the release the legal effect of which is sought to be avoided. Florence Goodwyn had recovered a judgment against the plaintiff for $6,500, of which amount the defendant was bound under his contract to pay $5,000 should the matter proceed no further. The plaintiff would, of course, have to pay the difference $1,500 with interest and court cost. The defendant had the right to direct the litigation, that is if it cared to take an appeal, which right, we take it, was reserved in the contract of insurance. An

offer of compromise of the judgment for $5,000 was made, but the defendant refused to accede to this, and threatened an appeal of the case, and as a consequence the matter was settled, whereby the plaintiff paid the court cost and $500, and the defendant paid $4,500. How can it be said, then, that with the defendant threatening to exercise its legal right, that of appeal, which right was given him by the plaintiff, he thereby coerced or compelled the plaintiff to execute the release?

"It is the well-settled general rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to be his legal rights. It is never duress to do that which a party has a legal right to do, and the fact that a threat was made of a resort to legal proceedings to collect a claim which was at least valid in part constitutes neither duress nor fraud such as, will avoid liability on a compromise agreement." 9 R. C. L. p. 722; U. S. Banking Co. v. Veale, 84 Kan. 385, 114 Pac. 229, 37 L. R. A. (N. S.) 540; Hilborn v. Bucknam, 78 Me. 482, 7 Atl. 272, 57 Am. Rep. 816; Thom v. Pinkham, 84 Me. 101, 24 Atl. 718, 30 Am. St. Rep. 335; Harris v. Tyson, 24 Pa. 347, 64 Am. Dec. 661; Vick v. Shine, 49 Ark. 70, 4 S. W. 60, 4 Am. St. Rep. 26; Craig v. Frauenthal (Ark.) 224 S. W. 434.

In the case at bar, accepting as a fact, as set up in the replication, that there was no hope of a reversal of the judgment, this did not free the plaintiff from any other liability. There was additional attorney's fee and no doubt the matter of having the case proceed through the courts and being left in a state of unliquidation pressed in upon him in making the compromise settlement. The defendant was, too, looking after its own interest, we are sure, and it may be that, looking at the settlement after it has been made, one party or the other may see where he has lost or gained an advantage, but it is not the policy of the law to make contracts for parties, or to hastily set them aside where they have been fairly entered into. Since settlements of disputed matters and compromises of unsettled claims are favored by the law, and it is presumed that the parties making them have consulted their own interest, they are not to be lightly interfered with, nor will they be opened merely to inquire into the equities between the parties, or because one of the parties have become dissatisfied. 12 Corpus Juris, 345. While it is true that by the compromise and execution of the release the defendant saved $500, yet it is equally true that the plaintiff saved $1,500 besides the interest, 10 per cent. penalty, additional court cost and attorney's fee. Each party was under liability, and each party saved by the compromise. It was optional with the plaintiff to accede to the defendant's demands, which certainly in-

ured to his benefit, and it was optional with the defendant to proceed with the litigation if the plaintiff did not accede, measured by the facts in this case.

But it is contended that the right of appeal was not an absolute right; that the parties occupied confidential relations, and, even though the right was given that it was a fact that there was no chance of reversal, and this right was not used in good faith, but as a weapon to force the plaintiff to a settlement. This reasoning might find favor but for the one fact in this case that the result of the settlement was to the benefit of the plaintiff. That it equally worked to the benefit of the defendant is no reason within itself that the release was obtained by coercion.

It must not be overlooked that the liability of the defendant was for the maximum amount of $5,000, and that the suit between the plaintiff and Florence Goodwyn did not fix the amount of the liability as between the plaintiff and the defendant in the instant case as appears here, and further that the condition that the plaintiff found himself in was not brought about by the defendant. The duress is therefore to be found, if any, in the mere refusal to accede to the plaintiff's demand, and in the exercise by the defendant of its legal rights. To declare the facts under this case to constitute legal duress would be a most dangerous as well as a most unequal doctrine, and, if accepted, no one could well know when he would be safe in dealing on the ordinary terms of negotiation with a party. 9 Cyc. 448, and authorities there cited.

We are of the opinion that the demurrers to the replication were properly sustained.

The judgment of the trial court is therefore affirmed.

Affirmed.

⚖=►For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes