### R. G. BENNETT v. MATTIE TAYLOR, EXECUTRIX.

Decided April 21, 1906.

**Surety—Discharge of—Negligence of Payor.**

Where, at the time a promissory note was executed by a principal and surety, the principal gave to the payor a chattel mortgage to secure the payment of said note, and the payor negligently failed to have said mortgage registered, whereby the security was lost, the surety was thereby discharged.

Appeal from the County Court of Baylor County. Tried below before Hon. B. M. Britain.

*D. A. Holman* and *Dickson & Britain,* for appellant.

SPEER, ASSOCIATE JUSTICE.—Carter Taylor sued A. L. Stell and R. G. Bennett in the County Court of Baylor County to recover on a promissory note for $400 with interest and attorneys' fees. Defendant Bennett answered to the effect that he signed the note as surety for Stell, which fact was known to plaintiff, and with an agreement upon the part of Stell that he (Stell) would give the plaintiff a mortgage on one hundred head of unincumbered cattle, which he did at the time he gave the note; that plaintiff accepted said mortgage but negligently failed to file the same for registration until after this suit was filed, and until after the mortgaged property was disposed of by Stell by valid mortgages and otherwise, so that the same was entirely lost to plaintiff and defendant Bennett as security for said debt. Upon the death of plaintiff Taylor, his wife Mattie Taylor, as his executrix, was substituted as plaintiff and the suit was prosecuted to judgment in her name and favor. Bennett has appealed, and insists that he is entitled to a reversal and rendition of the judgment in his favor upon the undisputed facts, and we must sustain his insistence.

There is no question in the evidence but that appellant was a surety on the note, and known to plaintiff Taylor to be such, nor is there any

question but that more than enough mortgaged cattle to pay the debt, belonging to the principal Stell, were lost as security through the negligent failure of Taylor to file his chattel mortgage for registration. This being the case upon the most obvious principles of equity, involving the right of Bennett as surety upon the payment of the note, to be subrogated to the right of the holder in the mortgaged chattels, and the consequent duty of the holder of the mortgage, as trusteee for all interested parties, to do nothing inconsistent with that right, we think appellant is entitled to be discharged as surety for the debt. (Murrell v. Scott, 51 Texas, 526; Brandt on Suretyship and Guaranty, secs. 426, 427, 440, 442 and 445; Pomeroy's Equity Jurisprudence, vol. 4, sec. 1419.

Reversed and rendered in favor of appellant.

*Reversed and rendered.*