UCOVICH v. FIRST NAT. BANK OF VICTORIA et al.

(Court of Civil Appeals of Texas. San Antonio. May 10, 1911. Rehearing Denied June 7, 1911.)

1. VENUE (§ 27*)—PRIVILEGE OF DEFENDANT—JURISDICTION UNDER ASSIGNMENT.

Where one indebted to a bank assigned to it a claim against a third person, and the bank became the real owner, the third person cannot object, in a suit by the bank upon the claim, that the forum in which the action was brought is without jurisdiction because the assignment was made with the intent to defeat his privilege to be sued in another county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 41; Dec. Dig. § 27.*]

2. CONTRACTS (§ 246*) — CONSTRUCTION — WAIVER.

Where the parties to a building contract entered into a supplemental contract, providing that all disputes between them should be settled in certain counties, and at a subsequent time made a settlement and agreement as to the balance due between them, that contract, abrogated the previous contract as to the venue of these actions.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1131–1138; Dec. Dig. § 246.*]

3. PRINCIPAL AND AGENT (§ 189*)—PLEADING—PROOF—VARIANCE.

An allegation that a defendant did certain things is supported by proof that he did them through an agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 713–717; Dec. Dig. § 189.*]

4. TRIAL (§ 286*)—PRIVILEGE—INSTRUCTION.

Where the trial court, in charging the jury upon defendant's plea of privilege, instructed them that they should first consider one ground, and, if finding against the defendant on that ground, should consider the second ground, the charge is not open to objection that the jury were instructed to find against the defendant

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes'

absolutely on the second ground without reference to the first.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 286.*].

**5. BILLS AND NOTES (§ 489*) — PLEADING — PROOF—VARIANCE.**

A petition alleged the identity of the defendant and the defendant company, and also alleged that the defendant company was indebted to it upon a certain note. *Held*, that proof of a note signed by the defendant and another, with a provision for attorney's fees and a default clause, was not a variance.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

**6. APPEAL AND ERROR (§ 1061*) — REVIEW — HARMLESS ERROR.**

In an action where the defendant set up a cross-action, that the court directed the jury to find against it was not prejudicial error, where the jury found that a settlement had been made between the parties, whereby the defendant was indebted to the amount of a certain balance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4137, 4209–4211; Dec. Dig. § 1061.*]

Appeal from District Court, Victoria County; James C. Wilson, Judge.

Action by the First National Bank of Victoria against M. Ucovich and Ira P. Bailey, in which M. Ucovich pleaded a cross-action against Bailey. From a judgment for plaintiff, which also denied his cross-action, Ucovich appeals. Affirmed.

Sam C. Lackey, Dupree & Pool, and J. B. Lewright, for appellant. Fly & Daniel and Proctor, Vandenberge & Crain, for appellees.

JAMES, C. J. This is an action brought by appellee bank against M. Ucovich, a resident of Nueces county, and the Bailey Mills Company, a firm composed of Ira P. Bailey, a resident of Victoria county, for a balance of $1,219.86 claimed to be due by Ucovich on a settlement of matters connected with a building contract between Ucovich and Bailey. The petition alleged that this balance was assigned by Bailey to the plaintiff bank; he guaranteeing the payment of same within 10 days from the date of the assignment. The bank sued Ucovich as principal debtor and Bailey (doing business as the Bailey Mills Company) as guarantor, and recovered judgment for said balance against the former with interest from January 4, 1908, the date of the settlement, and against the latter for like amount as guarantor, and providing that no levy should be made on Bailey's property in case the judgment could be made out of appellant.

Ucovich duly pleaded privilege of being sued in Nueces county; that he never contracted to perform the obligation sued on in Victoria county, but, on the contrary, by the express terms of a supplemental contract of date July 7, 1907, between him and the Bailey Mills Company it was agreed that any and all disputes, if any, which might arise between the parties, should be settled in the county where the property, upon which the improvements were, is located, or in the county in which the defendant, the owner, resided. Ucovich pleaded, also, that he has been joined as defendant herein with said Bailey as the result of a collusive agreement between the bank and said Bailey, having for its purpose the forcing of this defendant to contest the cause of action in Victoria county; that plaintiff did not in good faith enter into the contract of sale and guaranty of this claim; but that Bailey executed same pursuant to an agreement with the bank that he would execute it in order that plaintiff could and would bring suit on same in Victoria county against him and this defendant upon the ground that Bailey is a resident of Victoria county; that said assignment and guaranty was without consideration, etc.

For answer, subject to said plea, appellant entered a general denial, and specially pleaded by cross-action that Bailey had not performed his building contract with appellant, and had been paid in full and overpaid; that Bailey is justly indebted to appellant in a large amount for liquidated damages on account of his failure to complete the building within the contract period, as well as for other sums representing the reasonable value of certain materials and labor specified in the contract which were omitted in the construction; and that Bailey failed in numerous respects to construct the building in accordance with the plans and specifications therefor, thereby depreciating the market value of the building to the extent of $2,500 in addition to other sums, to wit, $1,258.61 paid to Bailey in excess of the contract price and appellant's liability under the contract, liquidated damages in the sum of $2,081.12, and prayed for judgment against Bailey accordingly. There was a sworn denial that appellant ever made or agreed upon any such pretended settlement of date January 4, 1908, as that alleged by plaintiff.

The Bailey Mills Company admitted plaintiff's demand and denied all the allegations of appellant.

The court submitted the plea of privilege, by explaining to the jury that it was asserted upon two grounds: (1) That the transfer of the claim to plaintiff was without consideration, was not taken by plaintiff in good faith, but the primary, if not the sole, object thereof, was to confer jurisdiction upon the courts of Victoria county in pursuance of a collusive combination or agreement between plaintiff and the Bailey Mills Company; and (2) that by the express terms of a written supplemental contract of date July 7, 1907, it was stipulated and agreed that any and all disputes, if any, which might arise between the parties to the original building contract, should be settled in

the county where the building was to be erected, or in the county where Ucovich should reside, that is, in Nueces county, where the building was to be erected, or in Bexar county, where said defendant now resides. Upon these issues the court charged first that, if the jury believed from the evidence that the transfer of the claim was made without consideration and solely for the purpose of conferring jurisdiction on the district court of Victoria county over the person of the defendant Ucovich, to find for him. But if they should find that at the time of the transfer the Bailey Mills Company was lawfully indebted to plaintiff and that the transfer was made in good faith as a payment on such indebtedness and accepted by plaintiff as such payment, "then to find against Ucovich upon his said plea of privilege, even if you may believe that said transfer may have been made for the purpose of conferring jurisdiction of the district court of Victoria county, upon the person of said Ucovich."

Immediately following the above, the court proceeded: "You are further instructed that, if from the evidence you find against the defendant Ucovich on the first reason or ground of his plea of privilege under the instruction hereinbefore given, then you will take up and consider the second reason or ground alleged; that is to say," etc. Then the court submitted to the jury the second ground, informing them that plaintiff and Bailey had denied under oath the execution of the supplemental agreement of July 7, 1907, and that this imposed upon Ucovich the burden of proof to show by the preponderance of evidence its execution by the Bailey Mills Company; that if it was executed by the Bailey Mills Company then to find for Ucovich on the second reason or ground of his plea of privilege, unless they found from the evidence that Ucovich and the Bailey Mills Company agreed upon a settlement and made an agreement on January 4, 1908, that there was a balance of $1,219.86 due and owing to the Bailey Mills Company, and, if so, then to find against Ucovich on said plea. The court then further instructed them that, if they believed from the evidence that Ucovich and the Bailey Mills Company, through its agent, S. M. Bailey, met on said date for the purpose of making a final settlement under their contract and agreeing upon what amounts, if any, might be due either party, and that such settlement was made, and that it was then agreed that there was due the Bailey Mills Company, then to find for plaintiff for such sum.

As to the cross-action of Ucovich for judgment against Bailey, the court instructed the jury to allow nothing thereon. The jury were directed by the charge to return a verdict for plaintiff against the Bailey Mills Company for the sum of $1,272.72.

[1] The first assignment of error is that the verdict is contrary to and unsupported by the overwhelming weight of the testimony, in that all the testimony showed that the true and only purpose of the transfer and guaranty was to attempt to confer jurisdiction on the district court of Victoria county, and thereby to defeat the plea of privilege. The same is the effect of the seventh, eighth, ninth, and tenth assignments of error.

We find, as conclusions of fact supported by sufficient testimony, that the Bailey Mills Company was largely indebted to the bank, and that the claim for a balance due on the building contract between said Bailey Mills Company and Ucovich, and certain other claims, were transferred and guaranteed by the Bailey Mills Company to plaintiff bank in consideration of a corresponding credit on its indebtedness to the bank; that this transaction was supported by a sufficient consideration; and that it was not the sole nor primary purpose of the transaction to defeat the defendants' privilege, but was a consummated transaction of assignment.

The Bailey Mills Company had the legal right to assign the claim, and the bank had the right to accept the assignment, and, this being so, and such being the effect of the transaction, if connected with it was a motive of the parties to defeat the defendants' privilege, it would be immaterial. As stated in Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759, 36 L. Ed. 552: "If the transfers of the judgment to the complainants were fictitious, the plaintiffs therein continuing to be the real parties in interest, and the complainant but a mere nominal party, his name being used only for the purpose of jurisdiction, then the objection to the jurisdiction of the circuit court would be well taken; but if the transfers were absolute, and the judgment creditors parted with all their interest for good consideration, then the mere fact that one of the motives of the purchase may have been to enable the purchaser to bring suit in the United States court would not be sufficient to defeat the jurisdiction."

We overrule the said assignments.

[2] The second assignment complains of the refusal of the following instruction: "At the request of the defendant Ucovich, I here instruct you that you will first consider and decide whether or not Sam M. Bailey executed and delivered to defendant Ucovich the written supplemental contract of date July 7, 1907, mentioned in the plea of privilege of said Ucovich and read to you in behalf of defendant Ucovich, same purporting to be signed by defendant Ucovich and the Bailey Mills Company, by S. M. Bailey, as principals, in the presence of J. Ucovich and W. S. McGregor. And if you find and believe from a preponderance of the testimony that said Sam M. Bailey did in fact execute and deliver said paper for the Bailey Mills Company, then you will find for defendant Ucovich on his plea of privilege, and in that event the form of your verdict will be as

follows: 'We, the jury, in the case of First National Bank of Victoria v. M. Ucovich et al., find for defendant Ucovich on his plea of privilege. We find for plaintiff bank as against Ira P. Bailey, defendant herein, the sum of $———' (naming the amount now due and owing to said bank by defendant Bailey under the terms of his guaranty to it)."

It will be seen that the court charged that the effect of said supplemental contract, if executed, was to defeat the plea of privilege only in the event the jury found that the Bailey Mills Company and Ucovich on January 4, 1908, agreed upon a settlement and made an agreement that there was a balance of $1,219.86 due and owing the former. The trial judge evidently took the view that the provision of the supplemental contract applied to disagreements arising under the building contract while such matters were in fieri, and had no application after such matters had been closed and settled by agreement of the parties, arriving at a balance. We think the court's view was the correct one, and therefore overrule this assignment, and also the third. We deem it unnecessary to consider whether or not the stipulation in said supplemental contract had reference to legal proceedings, but we may assume that it did.

[3] The sixth proposition under said third assignment is, in substance, that the Bailey Mills Company was a trade-name for defendant Ira P. Bailey, that there was no allegation that Sam M. Bailey acted on the matters involved herein as the agent of appellee Bailey, that in effect the allegations were that the various things done were done by appellee Bailey in person, and that the undisputed proof was that Sam M. Bailey acted in these matters as the general manager of his brother, Ira P. Bailey, and that there was no proof even tending to show that appellee Bailey in person made any agreement whatever on January 4, 1908, with appellant, and that for these reasons the court erred in charging the jury to find against the plea of privilege if they believed that on January 4, 1908, this defendant and the Bailey Mills Company agreed on a settlement admitting a liability to the latter of $1,219.86.

We find no allegation that the things involved were transacted by Ira P. Bailey in person. It was competent to prove that they were done by him through his agent. This disposes also of the fifth, sixth, and eleventh assignments.

[4] The fourth assignment complains of the charge for the reason that the plea of privilege was based on two distinct grounds: (1) Nonresidence and collusive joinder of another party defendant; and (2) the written stipulation in the supplemental contract, and that paragraph 9 of the charge instructed the jury to find against the plea absolutely on the second ground, without reference to

the first ground. This alleged vice in the charge is also referred to in the second proposition under the tenth assignment.

It will be seen that the charge is not open to the criticism. As the charge was framed, and the jury directed, they were told to first consider the first ground upon which the plea was based, and in the next paragraph they were charged that, if they found against Ucovich on said first ground, to take up and consider the second ground, and, in the event of certain finding on the second ground, to find against him on the plea. The jury could not have observed the charges and failed to consider and pass upon both grounds before they found against the plea.

In reference to the plea of privilege generally, appellee makes the additional point that, when appellant filed his cross-action against his codefendant, he invoked, and submitted himself to, the court's jurisdiction, and thereby waived his plea of privilege, citing in support of it Douglas v. Baker, 79 Tex. 499, 15 S. W. 801; Slator v. Trostel, 21 S. W. 289; Kolp v. Shrader, 131 S. W. 860. We entertain a doubt as to the application of this rule in the case before us; the cross-action being directed, not against the plaintiff, but against a codefendant. However, as we believe the questions touching the plea of privilege have been otherwise sufficiently disposed of, we need not undertake a decision of the above question.

The eleventh and twelfth assignments of error raise the question, in substance, that an allegation that a written contract was entered into between Ira P. Bailey, doing business as Bailey Mills Company, and Ucovich, or that a settlement was made between the Bailey Mills Company and Ucovich, made it essential for the proof to show that said things were done by Ira P. Bailey in person, and as the proof was that he was represented in doing such act by Sam M. Bailey, his agent, the court ought to have given a charge requiring the jury to disregard the alleged settlement and should have excluded the building contract when offered. We overrule these assignments, and also the suggestion made that such proof involved a variance, and also overrule the proposition asserted under the fourteenth assignment.

[5] The thirteenth assignment complains of the introduction in evidence of a note alleged in the petition as being a note dated March 1, 1904, for the principal sum of $3,327 due on or before March 20, 1906, and bearing 6 per cent. interest from date. The allegation was that the Bailey Mills Company was justly indebted to plaintiff upon such note. When the note was offered in evidence, defendant objected for variance, first, because the pleading described a note for $3,327 of date March 1, 1904, and due on or before March 20, 1906, bearing 6 per cent. interest from its date, and the note offered contain-

ed a provision for attorney's fees, and a default clause, and was signed by Ira P. Bailey and Samuel M. Bailey.

The court overruled the objections, and properly so. The description of the instrument in the pleading was general, and not in hæc verba. The petition alleged the identity of Ira P. Bailey and the Bailey Mills Company. It alleged that the Bailey Mills Company was indebted to plaintiff on the note, but said nothing about how the same was signed. The failure to mention the attorney's fee and default clauses was immaterial. Jones v. Ellison, 49 S. W. 406. To raise the question of variance, the instrument offered should be so different from the description of it in the pleading as to indicate that it is another instrument, or such as to mislead or surprise the adverse party. There is nothing in the note introduced which varies from the instrument the petition mentions, as far as the petition undertakes to state the obligation. The assignment is overruled.

[6] The fifteenth, sixteenth, and seventeenth assignments complain of the failure and refusal of the court to submit the cross-action of Ucovich. In fact, the court went so far as to charge the jury to find against him on the cross-action. We need not look into the record for the reason, if any, for this action of the court. The result demonstrates that appellant was not prejudiced thereby. Had the matter been submitted, nothing would have been allowed in respect thereto, if in fact the matters it involved were concluded by a settlement. The issue of settlement was fully and fairly submitted, and upon all the evidence the jury found that it had been made. In view of this finding, these assignments are overruled. Hargrave v. Tel. Co. (Tex. Civ. App.) 60 S. W. 690; Nicola v. Hurst (Ky.) 99 S. W. 917; Weldon & Held v. Finley (Ky.) 104 S. W. 611; Atkinson v. Witte (Tex. Civ. App.) 54 S. W. 611; Powell v. Fowler, 85 Ark. 451, 108 S. W. 830, 122 Am. St. Rep. 41.

There is nothing substantial nor of merit in the matters referred to in the eighteenth and nineteenth assignments.

Judgment affirmed.