MEANS v. WORTHINGTON.

(Court of Civil Appeals of Texas. El Paso. May 2, 1912.)

1. PRINCIPAL AND SURETY (§ 162*) — REMEDIES OF CREDITORS—FINDINGS — CONSTRUCTION.

In an action on a note, against a surety thereon, the court found that while the note was dated December 11, 1910, it was not delivered until March 3, 1911, and that the surety signed shortly after December 11, 1910, on condition that the principal would give some security in addition to the surety, but that plaintiff had no notice of such condition, and that the principal on March 3, 1911, before delivering the note to plaintiff, executed a chattel mortgage to secure it, which was delivered to plaintiff March 3, 1911, and recorded. *Held*, that the finding was that at the time the note was signed plaintiff had no notice of the agreement between the principal and surety for the additional security.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 442–445; Dec. Dig. § 162.*]

2. PRINCIPAL AND SURETY (§ 115*) — DISCHARGE OF SURETY—PERMITTING REMOVAL OF SECURITY.

The holder of a note signed by a surety and also secured by a chattel mortgage executed by the principal, by permitting the principal to remove the mortgaged property from the state after he knew of the suretyship contract, and of the execution of the mortgage, thereby deprived the surety of his right to pay the debt and be subrogated to the principal's rights on the mortgage so as to discharge the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 244–268; Dec. Dig. § 115.*]

Appeal from District Court, Brewster County; W. C. Douglas, Judge.

Action by W. L. Means against J. M. Worthington. From a judgment for defendant, plaintiff appeals. Affirmed.

J. C. Brooke, of Alpine, for appellant. A. M. Turney, of Alpine, for appellee.

PETICOLAS, C. J. Suit upon a promissory note by W. L. Means, plaintiff, against J. M. Worthington, defendant; note signed

by I. W. Van Pelt and J. M. Worthington. Plaintiff brought suit against defendant Worthington as surety without joining the principal, Van Pelt, whom he alleged to be insolvent. The defendant alleged that, although the note was signed December 11, 1910, it was not delivered until March 3, 1911; that there was an agreement between the principal and the surety that the principal should give to the plaintiff a chattel mortgage on certain horses so as to protect the surety. On the 3d day of March, 1911, said mortgage was executed. The findings of fact of the trial court, so far as material, are to the effect that while said note bears date the 11th day of December, 1910, it was not, in fact, delivered until March 3, 1911; that the surety signed shortly after December 11, 1910, with the understanding and on condition that the principal would give some security in addition to the surety signature; that plaintiff had no notice of this agreement or condition on which defendant signed the note; that the principal on March 3, 1911, before delivering the note to the plaintiff, executed a mortgage on certain horses to secure said note; that said mortgage was delivered to plaintiff March 3, 1911, and duly filed for record on said date; that on March 27, 1911, the principal, without the consent of the surety and with the consent of the plaintiff, took the property mortgaged to the state of Oklahoma; that the plaintiff and the principal are now engaged in litigation in Oklahoma over the right to said property, and plaintiff is in possession of it under a writ of sequestration; that said property would have been sufficient in value to have satisfied both this note and a prior note of the principal's. The decisive question in the case is whether the court erred in rendering judgment for the surety after finding as a fact that the plaintiff had no notice or knowledge of the agreement or condition on which the surety signed the note.

[1] It is apparent, we think, that the court's finding must be construed to be that at the time of signing the note the plaintiff had no notice or knowledge of the agreement between the principal and the surety, for as the chattel mortgage was delivered to plaintiff and was duly registered on March 3, 1911, the plaintiff then, if not before, had actual and constructive notice and was charged by law with the knowledge that the mortgage had been given, and as the mortgage was to secure this note, the plaintiff must have known at that time that it would inure to the benefit of the surety. The allegations in his petition show that the plaintiff knew at all times that the defendant was a surety.

In the case of Bennett v. Taylor, 43 Tex. Civ. App. 30, 93 S. W. 704, Judge Speer said: "There is no question in the evidence but that appellant was a surety on the note and known to the plaintiff to be such, nor is there any question but that more than enough mortgaged cattle to pay the debt, belonging to the principal, were lost as security through the negligent failure of the plaintiff to file his chattel mortgage for registration. This being the case, upon the most obvious principles of equity involving the right of the surety, upon the payment of the note, to be subrogated to the right of the holder in the mortgaged chattels, and the consequent duty of the holder of the mortgage as trustee for all interested parties to do nothing inconsistent with that right, we think appellant is entitled to be discharged as surety for the debt."

[2] It is apparent in this case that, after the plaintiff knew that the defendant was a surety and that the principal had executed a chattel mortgage to secure the debt, he allowed the principal to remove the mortgaged property from the state, thus depriving the surety of the effective right to pay the debt and be subrogated to the right of the holder against the principal on the mortgage, As stated by Judge Speer in the case cited, the plaintiff was by law charged with the duty of doing nothing inconsistent with such right on the part of the surety.

For the reasons indicated, the case is affirmed.