### DILLARD et al. v. CHANDLER.

(Court of Civil Appeals of Texas. Ft. Worth. April 19, 1913.)

1. PRINCIPAL AND SURETY (§ 115*) — MORTGAGED PROPERTY—DUTY TO SUBJECT.

Where mortgaged property is not committed into the hands of the mortgagee, mere indulgence or even negligence in delaying foreclosure in legal proceedings, though it results in the loss of the security, does not release the sureties on the debt, though it is otherwise if the mortgaged property is in the possession or under the control of the mortgagee or if he does some affirmative act by which the sureties are placed at such a disadvantage as to be unable to protect themselves under the doctrine of subrogation.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 244–268; Dec. Dig. § 115.*]

2. PRINCIPAL AND SURETY (§ 115*) — DISCHARGE OF SURETY—REMOVAL OF MORTGAGED PROPERTY.

That a mortgagee of personal property consented that the mortgagor might remove a portion thereof to another county did not prejudice the sureties or release them from liability, where the property was not placed beyond the jurisdiction of the court where the contract was enforceable.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 244–268; Dec. Dig. § 115.*]

3. PRINCIPAL AND SURETY (§ 115*) — DISCHARGE OF SURETY—MORTGAGED PROPERTY —REMOVAL.

Sureties were not entitled to a directed verdict by reason of the fact that the creditor permitted a removal of a small portion of certain property, mortgaged to secure the debt, to another county, since the sureties' right in any event would be limited to the value of the property removed.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 244–268; Dec. Dig. § 115.*]

4. PRINCIPAL AND SURETY (§ 169*)—LIABILITY OF SURETY—APPLICATION OF PLEDGED PROPERTY.

Where a debt is secured by mortgage on personal property, the creditor was not bound to enforce the mortgage before proceeding to enforce the liability of sureties.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 474–489; Dec. Dig. § 169.*]

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

Action by J. E. Chandler against William Dillard and others. Judgment for plaintiff, and defendants appeal. Affirmed.

J. B. McMahon, of Belton, for appellants. Kirby & Davidson, of Abilene, for appellee.

SPEER, J. J. E. Chandler sued W. T. Maxwell, William Dillard, R. A. Crockett, J. A. Slaton, and S. S. Arnold, as makers upon a promissory note of the sum of $1,100, joining therein as defendants Harrison Feagan, Gid Howington, and Ed Howington, who it was alleged were asserting some sort of interest in certain personal property upon which W. T. Maxwell had executed a chattel mortgage to secure the note. Arnold and the two Howingtons made default, and the other defendants answered; the defendants Dillard, Crockett, and Slaton pleading that they were sureties for defendants Maxwell and that they had been released by reason of the plaintiff's negligence with respect to a foreclosure upon the mortgaged property, and the defendant Feagan pleading title to a part of the mortgaged property by limitation. There was a judgment in favor of the plaintiff against all the makers of the note

and against all parties as to the foreclosure except the defendant Feagan, who had judgment for the property claimed by him, and the defendants Dillard, Crockett, and Slaton have appealed.

Appellants' assignments of error are not in compliance with rules 24 and 25 (142 S. W. ·xii) for the guidance of the Courts of Civil Appeals, and the writer is of opinion they should for that reason be disregarded; but the majority have seen fit to consider them, and, in view of the fact that the judgment is to be affirmed, the matter of difference is of no importance and need not be discussed.

It is first complained that the court erred in the following charge: "In this case you are charged to find for plaintiff against the defendants W. T. Maxwell, William Dillard, R. A. Crockett, J. A. Slaton, and S. S. Arnold for the sum of $1,558.19, and in favor of plaintiff against all of the defendants for a foreclosure of his mortgage lien on the property described in plaintiff's original petition, unless you find for the defendant Feagan under the following charge." The complaint is that there was evidence tending to show that the mortgaged property was lost to the appellants through the carelessness and negligence of appellee in refusing to foreclose his mortgage in proper time.

[1] We understand the rule to be, however, generally that where the pledged property is not committed into the hands of the mortgagee, but is permitted to remain with the mortgagor, the mere indulgence or even negligence in the matter of delaying a foreclosure through legal proceedings, even though it results in the loss of the security, does not have the effect in law to release the sureties on the debt. First Nat. Bank v. Powell, 149 S. W. 1096. The rule may be, and is, different where the mortgaged property is in the possession and under the control of the mortgagee or where he does some affirmative act in respect to which the sureties are at such disadvantage as to be unable to protect themselves by a compliance with their contract to pay, and thus be subrogated to the mortgagee's right, and the mortgaged property is in consequence thereof lost to them. Bennett v. Taylor, 43 Tex. Civ. App. 30, 93 S. W. 704, and authorities there cited. The evidence fails, to show that any of the mortgaged property ever came under the control or in the possession of appellee, or that he ever by any overt act negligently or otherwise permitted the mortgaged property to be put beyond the reach of a foreclosure which was equally to be had by the complaining sureties as well as himself.

[2] If appellee consented to the removal of the property to another county in violation of the terms of the mortgage, the property was not thus placed beyond the jurisdiction of the court where such contract was enforceable and the sureties, therefore, not shown to be prejudiced. Such a breach of the mortgage contract in law would be no more than the breach of nonpayment.

[3] Moreover, the second assignment, complaining of the refusal of a special instruction directing a verdict for. these appellants in the event of a finding that appellee authorized Maxwell to remove the mortgaged property from Jones county to Grayson county without the knowledge or consent of appellants, was properly refused for the further reason that at most only a small portion of the mortgaged property could have been affected by this charge, and appellants' right, therefore, at the utmost, would have been for relief only to the extent of the value of such property so removed, which value is nowhere disclosed in the evidence. The charge, therefore, directing a verdict in appellants' favor as to all liability, was properly refused.

[4] Finally and as affecting every contention made on this appeal, we are of the opinion appellee was under no legal necessity for foreclosing his chattel mortgage at all, but would be entitled to proceed in the first place against appellants as sureties without such foreclosure, providing always he had done no affirmative act to deprive them of any security as already explained.

There is no error in the judgment, and it is affirmed.