**RAMSEY v. WAHL et al.    (No. 264–3484.)**

(Commission of Appeals of Texas, Section A. Dec. 14, 1921.)

**1. Contracts ⟲333(5)—Provisions which do not qualify or alter those breached need not be alleged.**

While, in a suit for breach of a written contract, it is necessary to correctly allege all the provisions of the contract essential to the cause of action declared on, it is not necessary to set out other provisions which in no way qualify or alter the provisions breached.

**2. Bills and notes ⟲489(7)—Note sufficiently pleaded, though unessential provisions not alleged.**

A note sued on *held* sufficiently pleaded, though provisions authorizing either maker to extend the time of payment without consent of the other, making it payable at a particular bank, and reciting that it was secured by a chattel mortgage on certain personal property, were not alleged, where such provisions were not essential to and did not modify or affect the cause of action declared on, a mere omission, as distinguished from a misdescription, not constituting a fatal variance.

**3. Bills and notes ⟲489(7)—Note sued on may be received for all purposes where offered by defendants for restricted purposes.**

Where defendants, who were in possession of the note sued on, offered it in evidence, but attempted to restrict the purposes for which it should be received, whereupon plaintiff offered it in evidence for all purposes, the court did not err in so receiving it, though it contained provisions not alleged in the petition, since even an affirmative misdescription, as well as mere omissions, must be such as to mislead or surprise the opposing party to constitute a fatal variance.

**4. Chattel mortgages ⟲188(2)—Mortgage on saloon stock held void under statute.**

A chattel mortgage on the stock in trade, license to operate, and equipment of a retail liquor saloon, securing a note for the purchase price maturing in six months, shortly before the expiration of the license, *held* void under Rev. St. art. 3970, in so far as it covered the stock in trade, it being presumed that the parties intended. that the purchaser would continue the business and sell the stock to customers, and that the license would be used as authority to do so until it expired.

**5. Principal and surety ⟲115(2)—Surety held not discharged by note owner's failure to enforce chattel mortgage until after sale and conversion of property.**

A surety on a note for the purchase price of a saloon secured by a chattel mortgage on the equipment, who, with the maker of the note, remained in possession of the mortgaged property and never requested suit on the note and mortgage as provided by Rev. St. art. 6329, was not discharged entirely or pro tanto, by the note owner's failure, by mere inaction or passive negligence, to proceed to enforce the mortgage until the property was dissipated or placed beyond the reach of process.

**6. Bills and notes ⟲443(1)—Equitable owner of note executed and delivered to agent may sue thereon in his own name.**

In an action on a note executed and delivered to plaintiff's agent and trustee, where the trustee in bankruptcy of such agent disclaimed any interest in the note, and plaintiff, by making the agent and its trustee in bankruptcy a party to the suit, made the judgment binding on them, thereby fully protecting defendants from the possibility of a subsequent suit on the note, it was immaterial whether the note had been delivered to plaintiff, who, as the equitable owner thereof, was entitled to sue and recover thereon in his own name.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by L. O. Ramsey against George W. Wahl, his mother, and another. From a judgment of the Court of Civil Appeals (218 S. W. 559), reversing a judgment for plaintiff against defendants Wahl and his mother, plaintiff brings error, and defendants Wahl also file cross-error. Judgment of Court of Civil Appeals set aside, and that of district court affirmed.

J. F. Weeks and Chas. Owen, both of El Paso, for plaintiff in error.

M. V. Ward and M. W. Stanton, both of El Paso, for defendants in error.

McKenzie & Loose, of El Paso, for defendant Terrell, Trustee.

GALLAGHER, J. L. O. Ramsey sued George W. Wahl, Mrs. G. W. Wahl, and F. H. Terrell, trustee of the Goldoft Liquor Company, a bankrupt corporation, in the district court of El Paso county, Tex. Trial was had on an amended petition, in which Ramsey alleged that he was, on the 26th day of May, 1914, the owner of a retail liquor business in the town of Ysleta, and that on said date he sold to the defendant Wahl the said business, together with the stock of liquors, cigars, cash register, license, and fixtures, for the agreed sum of $1,250, and that on said date said George W. Wahl, joined by his mother, Mrs. G. W. Wahl, as consideration therefor executed and delivered to him their promissory note for the sum of $1,250, due six months after date with interest at the rate of 10 per cent. per annum, and providing for the payment of 10 per cent. additional as attorney's fees. He further alleged that he intended at the time to sell said note to the Goldoft Liquor Company, and that it was for convenience made payable to said company. He further alleged that the Goldoft Liquor Company held said note as agent and trustee for him; that it had never collected the same, but had in-

dorsed and delivered the same to him, and that he was the legal and equitable owner thereof. He further alleged that said Terrell, in behalf of said bankrupt, was claiming some interest in said note.

Terrell, trustee in bankruptcy, answered, disclaiming any interest in the note.

George W. Wahl specially denied that said note had ever been transferred or delivered to Ramsey. Mrs. Wahl adopted his pleadings, and further alleged the execution of a chattel mortgage on the property acquired from Ramsey to secure said note, and that Ramsey had taken possession of all the property covered by said mortgage and had sold the same and appropriated the proceeds to his own use, and that she was a surety and was thereby discharged.

Only so much of the pleadings as is necessary to an understanding of the issues hereinafter discussed has been stated.

The case was submitted on special issues, in response to which the jury found that the note sued on was never delivered by the Goldoft Liquor Company to the plaintiff; that it was made payable to and received by said liquor company for the benefit of plaintiff; that Mrs. Wahl was a surety thereon, and that plaintiff knew that she was a surety at the time she signed the same.

Judgment was entered on the verdict that plaintiff recover of defendants George W. Wahl and Mrs. G. W. Wahl the amount sued for, and that he take nothing against the trustee in bankruptcy.

The Wahls appealed, and the Court of Civil Appeals for the Eighth Supreme Judicial District, in a majority opinion, reversed the case and remanded it to the district court. 218 S. W. 559. Both sides applied for a writ of error, and both applications were granted by the Supreme Court, thus bringing the whole case before us for review.

For convenience, the parties will be referred to as plaintiff and defendants respectively, as they appeared in the trial court.

The Court of Civil Appeals, in its majority opinion, held that there was a fatal variance between the note declared on and the note introduced in evidence. This holding is assigned as error. It is based on the fact that the note offered in evidence, in addition to the provisions declared on in plaintiff's petition, contained other provisions authorizing either of the makers to extend the time of payment without the consent of the other, and making it payable at a particular bank in El Paso, and the further fact that it recited that it was secured by a chattel mortgage on certain personal property. None of these matters were set out or referred to in plaintiff's petition.

There is no contention that the petition as amended, misdescribed any of the provisions of the note sued on. The contention is that the mere omission of the matters above referred to constituted a fatal variance.

[1] While in a suit for breach of a written contract it is necessary to correctly allege all the provisions of the contract essential to the cause of action declared upon, it is not necessary to set out other provisions which in no way qualify or alter the provisions alleged to have been breached.

The rule is thus stated in 9 Cyc. p. 714:

"In order to avoid prolixity, so much of the contract as is essential to the cause of action should be set forth, and no more, and this also may be stated according to its legal effect. The plaintiff is not bound to state that which is merely matter of evidence. But, while it is not necessary to set out more of an alleged contract than pertains to the obligation, the breach of which is complained of, yet, if an alternative qualifies the obligation, the whole contract should be set out according to its legal effect, or tenor; or, to say the least, the omission of any part of the contract which materially qualifies and alters the legal nature of the promise alleged to have been broken will be fatal. In other words, if there is any part of an agreement, which materially qualifies or varies the sense and legal effect of the parts set forth, care must be taken not to omit it in order to avoid a fatal variance."

The following authorities, among many others, are in accord with the text quoted. Mason v. Kleberg et al., 4 Tex. 85, 86; Wooters v. I. & G. N. Ry. Co., 54 Tex. 294, 298; Ucovich v. First Nat. Bank, 138 S. W. 1102, 1105, 1106 (writ refused); Adams v. Davis, 16 Ala. 748; Stearns v. Barrett, 18 Mass. 443, 11 Am. Dec. 223; Detroit, H. & I. R. Co. v. Forbes, 30 Mich. 165, 172; Moore v. Mountcastle, 72 Mo. 605; Gibson v. Wheldon, 82 Vt. 175, 72 Atl. 909.

[2] The provisions of the note sued on which were neither set out nor referred to in the petition were in no way essential to the cause of action declared on therein. Neither did they in any way modify or affect the same. The note was sufficiently pleaded.

[3] The defendants were in possession of the note, and produced it in court and offered it in evidence, but attempted to restrict the purposes for which it should be received. The plaintiff then, over their objection, offered it in evidence for all purposes, and it was so received. We fail to see how they could reasonably claim to have been misled or surprised by its contents. Even in case of an affirmative misdescription, it must be such as to mislead or surprise the opposing party to constitute a fatal variance. National Bank v. Stephenson, 82 Tex. 435, 436, 18 S. W. 583, and authorities there cited.

[4] The Court of Civil Appeals in its ma-

jority opinion held that, it having been shown that a chattel mortgage was executed to secure the note sued on, and that the property covered by such mortgage was dissipated with the knowledge of the plaintiff, and there being no showing of the exercise by plaintiff of any diligence to subject such property to the payment of the debt, Mrs. Wahl, who was only a surety on the note sued on, was discharged from liability thereon. This holding is assigned as error.

The mortgage introduced in evidence described the property covered thereby, as follows:

"All stock of whisky, both barrel and bottle goods; all beer and glassware; one liquor dealer's license; one national cash register; twelve chairs; three tables; all located in building on east side, Main street, Ysleta, Tex."

The note was given as the purchase price of a retail liquor saloon. The property mortgaged was the stock in trade, the license to operate, and such of the equipment of the saloon as was owned by plaintiff. There being nothing to indicate anything to the contrary, it will be presumed that all the parties intended that the purchaser would continue such business, that the stock in trade would be sold to customers, and that the license would be used as authority to do so until it expired and became valueless. Under such circumstances the mortgage, in so far as it covered the stock in trade, was void under the provisions of our statute of frauds. R. S. art. 3970. The note matured six months after date. The evidence showed that the license expired shortly after the maturity of the note.

[5] The remainder of the mortgaged property consisted of some glassware, three tables, twelve chairs and a cash register. The evidence does not show what became of this property. Mrs. Wahl did not ask that the mortgage be foreclosed, and that this property be searched for, seized, and sold and the proceeds applied toward the discharge of the debt. She contented herself with charging that the plaintiff either converted it to his own use or participated in its conversion, and claimed that she was thereby discharged from liability for the entire debt, regardless of the value of the property alleged to have been converted. She wholly failed to prove that plaintiff in any way consented to or participated in the sale and conversion of this property, if it was sold and converted, as she alleged.

There is no contention that it was not contemplated by the parties, including Mrs. Wahl, that her son and codefendant should remain in possession of the mortgaged property, and there is no contention that Mrs. Wahl ever requested suit on the note and mortgage as provided by the statute on suretyship. R. S. art. 6329.

The issue before us is therefore narrowed to a single proposition, and that is whether a creditor, having personal security and also a chattel mortgage to secure his debt, by mere inaction or passive negligence in failing to proceed to enforce his mortgage until the mortgaged property is dissipated or placed beyond the reach of process thereby discharges the surety from liability for the debt, either entirely or to the extent of the value of the property.

The case of Murrell v. Scott, 51 Tex. 520, 526, 527, is similar to this case, except in that case the mortgaged property was placed in the hands of a trustee instead of being left in the hands of the mortgagor. The Supreme Court held in that case that the creditor was not responsible for the negligence or mismanagement of the trustee unless he procured or connived at the same.

We have found no case by the Supreme Court on the exact point at issue, but in the case of Dillard v. Chandler, 157 S. W. 303, 304, the Court of Civil Appeals for the Second District laid down the rule clearly and succinctly. While there was no attempt to have the decision in that case reviewed by the Supreme Court, it is in accord with the weight of authority and supported by decisions of courts of last resort in other states. We quote therefrom as follows:

"We understand the rule to be, however, generally that, where the pledged property is not committed into the hands of the mortgagee, but is permitted to remain with the mortgagor, the mere indulgence or even negligence in the matter of delaying a foreclosure through legal proceedings, even though it results in the loss of the security, does not have the effect in law to release the sureties on the debt. First Nat. Bank v. Powell, 149 S. W. 1096. The rule may be, and is, different where the mortgaged property is in the possession and under the control of the mortgagee, or where he does some affirmative act in respect to which the sureties are at such disadvantage as to be unable to protect themselves by a compliance with their contract to pay, and thus be subrogated to the mortgagee's right, and the mortgaged property is in consequence thereof lost to them. Bennett v. Taylor, 43 Tex. Civ. App. 30, 93 S. W. 704, and authorities there cited. The evidence fails to show that any of the mortgaged property ever came under the control or in the possession of appellee, or that he ever, by any overt act, negligently or otherwise permitted the mortgaged property to be put beyond the reach of a foreclosure which was equally to be had by the complaining sureties as well as himself."

The following authorities from other states support the rule so stated: Thorn v. Pinkham, 84 Me. 101, 24 Atl. 718, 30 Am. St. Rep. 335; Grisard v. Hinson, 50 Ark.

229, 6 S. W. 906; Fanning v. Murphy, 126 Wis. 538, 105 N. W. 1056, 4 L. R. A. (N. S.) 666, 5 Ann. Cas. 435, 110 Am. St. Rep. 946; Freaner v. Yingling, 37 Md. 491; Schroeppell v. Shaw, 3 N. Y. 446; Cherry v. Miller, 7 Lea (Tenn.) 305; Clopton v. Spratt, 52 Miss. 251.

While the evidence shows that the plaintiff did not know of the existence of the mortgage until the trial, inasmuch as he alleged that the Goldoft Liquor Company, in taking and holding the note sued on, was acting as his agent and trustee, we think he was charged with knowledge of the fact that it also took a mortgage to secure it. There being nothing, however, in the record to show that he did any affirmative act or omitted any legal duty which tended to defeat the lien or prevent the surety from resorting to the mortgaged property for reimbursement, we hold that the surety, Mrs. Wahl, was not discharged either entirely or pro tanto.

[6] The finding of the jury that the note sued on had never been delivered to the plaintiff was upon an immaterial issue. That there had been a delivery of the note by the makers to the Goldoft Liquor Company, plaintiff's agent and trustee, was not disputed. The trustee in bankruptcy disclaimed any interest in the note and thus refused to contest plaintiff's claim of ownership, but in effect conceded the same. By making the payee named in the note, or its trustee in bankruptcy, a party to the suit and tendering an issue on the ownership of the note, plaintiff made the judgment binding on the payee and its trustee, and fully protected defendants from the possibility of a subsequent suit on such note, and any danger of a double recovery. Plaintiff was found by the jury to be the equitable owner of the note and as such was entitled to sue and recover thereon in his own name. Guest v. Rhine, 16 Tex. 549.

We agree with the Court of Civil Appeals in the disposition of the other issues in the case.

The Court of Civil Appeals having reversed and remanded the case on issues of law alone, and not having set aside any of the findings of fact made by the jury, nor made any findings of fact which preclude a recovery, and not having found against any fact necessary to a recovery, we recommend that the judgment of the Court of Civil Appeals be set aside and the judgment of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.