## STETSON v. FIRST NAT. BANK OF CLEVELAND.

### No. 2172.

Court of Civil Appeals of Texas. Beaumont.

Dec. 30, 1931.

Rehearing Denied Jan. 6, 1932.

Stevens & Stevens, of Houston, for appellant.

P. C. Matthews, of Liberty, for appellee.

O'QUINN, J.

. Appellee sued J. W. Smith and C. H. Stetson in the district court of Liberty county to recover on a promissory note in the sum of $880, together with a foreclosure of a chattel mortgage of even date with said note executed by said Smith on certain live stock. Smith answered by special plea that appellee could not maintain its suit because the due

date of the note sued on had been extended and said note was not due, and further answered by general denial. Stetson answered that he executed said note only as surety for Smith, and that said Smith had executed the mortgage which appellee sought to foreclose, and specially that after the note became due the said Smith had an opportunity to sell certain of the livestock for a named price and requested permission of appellee, mortgage holder, to sell said stock and to apply the purchase price on the note, but that appellee refused its consent to such sale; that by reason of appellee's refusal to allow said sale there was lost in the security of said note the sum of $327.50, in that two head of the said stock that could have been sold for $165 had died, five other head of said stock which could have been sold for $35 each had depreciated in value one-half, and other stock under said mortgage had depreciated in value $75; that appellant, as surety on said note, was thus deprived of having the sum of $327.50 applied on the debt, and that said loss was caused by appellee's negligence and unwarranted refusal to agree to and permit the sale of said stock; and that he, appellant, had stood ready and willing to purchase said stock proposed to be sold, and his codefendant, Smith, was willing to apply the proceeds on the note.

Appellee, by supplemental petition, replied to appellant's answer by general demurrer to paragraphs 4 and 5 of said answer relative to the request for the sale of certain of the mortgaged stock and alleged loss in the value of said security by reason of its not permitting said sale, and by general denial of all of the allegations in said answer contained. The court sustained the demurrer to appellant's answer relative to the proposed sale of the mortgaged stock. Smith's plea in abatement was overruled, and, without further pleadings, the case was tried to the court and judgment rendered for appellee against Smith and Stetson, jointly and severally, for $1,105.40, being for the amount of the note, interest, and attorney's fees, and for foreclosure of the mortgage. From this judgment, Stetson has appealed.

Appellant's brief contains four assignments of error, all complaining that the court erred in sustaining appellee's demurrer to paragraphs 4 and 5 of his said answer, same being that portion of said answer relative to the refusal of appellee to permit the sale of certain stock upon which it held a mortgage to secure the payment of the note.

The assignments are all overruled. The note sued on reads:

"$880.00

Cleveland, Texas, October 1st, 1928.

"One year after date I, we, or either of us, promise to pay, for value received, to the order of The First National Bank of Cleveland, Texas, the sum of Eight Hundred Eighty and no/100 Dollars, with interest from maturity hereof at the rate of ten per cent. per annum until paid. It is further agreed that if this note is not paid at maturity, and the same is placed in the hands of an attorney for collection, or if suit is filed on same, we agree to pay ten per cent. of the principal and interest due hereon, in addition hereto, as attorney's fees for collection. Protest and notice on the above note is hereby expressly waived.

"No. 28138.

"Due October 1st, 1929.

"P. O. Hightower, Texas.

"J. W. Smith

"N. P. Havard

"C. H. Stetson."

Appellant's brief states that "it was contended in the court below that under the Negotiable Instrument Act, since there was nothing on the face of the note to show that Stetson was a surety, he had no right to complain."

Appellant's insistence is that an accommodation maker, or surety, can always show his relation as such against the original payee of the note, and that the Texas Negotiable Instruments Act (Rev. St. 1925, arts. 5932–5948) did not change this rule. He cites us to the case of Brinker v. First National Bank of Oklahoma (Tex. Com. App.) 37 S.W.(2d) 136, as sustaining his contention.

■ It is well settled in this state that an original payee of a note is not a holder in due course, and therefore a negotiable note held by the payee is subject to every defense to which it would be subject if it were nonnegotiable, and that an accommodation maker can establish a complete defense by pleading and proving such facts as would defeat a recovery against him. Section 58, art. 5935, R. S. 1925; Threshing Machine Co. v. Howth, 116 Tex. 434, 293 S. W. 800, 801. Brinker v. Bank, supra, cited by appellant, follows and is based upon the holding in Threshing Machine Co. v. Howth, supra. The note in the instant suit shows upon its face that all the signers are joint makers and principals. There is nothing to disclose that any one of the signers was a surety. Appellee, plaintiff below, specifically pleaded a primary obligation against the makers of the note, copying the note into its petition. Appellant, in his answer, did not plead general denial, but satisfied himself by merely alleging in paragraph 1 of his answer that he was a surety, and then in paragraphs 4 and 5 that as such surety he was entitled to be protected against appellee's negligence in refusing to permit his codefendant Smith to sell a portion of the property Smith had mortgaged to secure the payment of the note, by reason of which refusal the value of said mortgaged property had since depreciated in value because of the death of some of the stock and the depreciation in market value of others of said mortgaged stock, in the sum of $327.50, for which amount he, as surety on said note, should be relieved. In a suit on a

note, as in this case, a signer of the note cannot avail himself of the equitable rights or remedies of a surety, unless he *alleges and proves* that the payee of the note *knew* of his relation as surety; there being nothing on the face of the note to disclose such fact, but to the contrary showing such signer to be a principal. The Brinker Case, cited by appellant, sustains this rule. Not only so, but in Threshing Machine Co. v. Howth, supra, Judge Greenwood says: "A complete defense to the suit of a holder of a nonnegotiable note in behalf of an accommodation maker would be established by his *pleading and proving* that the holder of the note had made a binding agreement with the principal obligor to extend the note for a definite time, *with knowledge of the status of the accommodation maker* and without his consent." (Italics ours).

In the case of First National Bank of Lubbock v. Alexander (Tex. Civ. App.) 4 S.W.(2d) 298, 301, it is said: "A party who has signed a note as surety for the other maker may avail himself of the protection which the law affords a surety, as against the creditor, *where the latter has knowledge of the relation as surety*, though that relation does not appear from the face of the instrument. [Citing authorities.]" (Italics ours).

And further: "In order that a surety may be discharged by reason of the depreciation of equitable rights or remedies, as by reason of the creditors releasing securities held by them, which would inure to the benefit of the surety, in that such security can be applied to the payment of the debt, *such suretyship must appear from the face of the contract or be known to the creditor.* Burke v. Cruger, 8 Tex. 66, 58 Am. Dec. 102." (Italics ours.)

It is seen, as before stated, that in order to avail of the right of showing surety status and invoking defense as such, the one asserting such right must *plead and prove* that the holder of the instrument knew of the suretyship relation of the defendant; it not appearing from the face of the instrument. Such knowledge on the part of appellee in the instant case was not pleaded.

■ However, if it had been shown that appellant was a surety, nevertheless the matters pleaded by him would not have constituted any defense to appellee's suit. No act of negligence on the part of appellee relative to the mortgaged property is shown. The bank, appellee, never had possession of the mortgaged stock, but same were at all times in the possession of the mortgagor, Smith. There is no contention that appellee was dilatory in the filing of this suit and that the delay resulted in the loss complained of, or of any loss. Dillard v. Chandler (Tex. Civ. App.)

157 S. W. 303, 304; Ramsey v. Wahl (Tex. Com. App.) 235 S. W. 838; Golden v. Bank (Tex. Civ. App.) 38 S.W.(2d) 628.

In Dillard v. Chandler, supra, it is said: "We understand the rule to be, however, generally that where the pledged property is not committed into the hands of the mortgagee, but is permitted to remain with the mortgagor, the mere indulgence or even negligence in the matter of delaying a foreclosure through legal proceedings, even though it results in the loss of the security, does not have the effect in law to release the sureties on the debt. First National Bank v. Powell (Tex. Civ. App.) 149 S. W. 1096. The rule may be, and is, different where the mortgaged property is in the possession and under the control of the mortgagee or where he does some affirmative act in respect to which the sureties are at such disadvantage as to be unable to protect themselves by a compliance with their contract to pay, and thus be subrogated to the mortgagee's right, and the mortgaged property is in consequence thereof lost to them. Bennett v. Taylor, 43 Tex. Civ. App. 30, 93 S. W. 704, and authorities there cited. The evidence fails to show that any of the mortgaged property ever came under the control or in the possession of appellee, or that he ever by any overt act negligently or otherwise permitted the mortgaged property to be put beyond the reach of a foreclosure which was equally to be had by the complaining sureties as well as himself."

This holding is fully quoted with approval by the Commission of Appeals in Ramsey v. Wahl, supra, citing many authorities from other jurisdictions showing the rule well established, and this is followed in Golden v. Bank, supra.

■ Moreover, the general rule is that a creditor owes no duty of active diligence to the surety to enforce collection of the indebtedness arising from the obligation, as the latter, the surety, at any time after default of the principal, is entitled to pay the debt and reimburse himself by enforcing it against the principal. 21 R. C. L. § 162, p. 1124; Southern Surety Co. v. Klein (Tex. Civ. App.) 278 S. W. 527, 531 (writ refused); Self Motor Co. v. Bank (Tex. Civ. App.) 226 S. W. 428; Dillard v. Chandler (Tex. Civ. App.) 157 S. W. 303. The note was already matured at the time appellant alleges request was made for permission to sell a portion of the mortgaged stock, and appellant then had the right to pay the note and recoup payment against his principal. Neither did he make request of appellee that he bring suit and foreclose the mortgage.

The judgment should be affirmed, and it is so ordered.

Affirmed.